IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 36507-7-III |
| | ) | |
| | ) | |
| Respondent, | ) | |
| | ) | |
| | ) | UNPUBLISHED OPINION |
| v. | ) | |
| | ) | |
| TYLOR JAMES WILSON, | ) | |
| | ) | |
| Petitioner. | ) | |

FEARING, J. — Tylor Wilson appeals from the judgment and sentence imposed for his 2018 Whitman County convictions of one count of third degree assault and three counts of third degree malicious mischief. Wilson contends, and the State concedes, that the trial court erred by imposing a criminal filing fee of $200. In a statement of additional grounds, Wilson raises two additional arguments. We remand for the court to strike the criminal filing fee, but otherwise affirm the convictions.

The State of Washington charged Tylor Wilson with one count of third degree assault and three counts of third degree malicious mischief. The State alleged that Wilson fired an air rifle from the window of his apartment at passing vehicles and a neighboring house. One of the BBs from the air rifle shattered the window of a car and caused glass to hit the driver, which resulted in the assault charge.

No. 36507-7-III
*State v. Wilson*

At the commencement of the prosecution, Tylor Wilson filed an indigency screening affidavit disclosing that he received food stamps and social security income. Following trial, the jury found Wilson guilty of all charges. At the sentencing hearing, the court did not inquire into Wilson's ability to pay legal financial obligations, but imposed a $200 criminal filing fee. The sentencing court, however, found Wilson indigent for appeal purposes.

On appeal, Tylor Wilson challenges the imposition of the $200 filing fee pursuant to the 2018 amendments to RCW 10.01.160(3) and RCW 36.18.020, and *State v. Ramirez*, 191 Wn.2d 732, 426 P.3d 714 (2018). The State concedes that the filing fee should be struck.

In March 2018, the Washington Legislature amended RCW 10.01.160(3) to prohibit trial courts from imposing discretionary legal financial obligations on offenders, who, at the time of sentencing, are indigent as defined in RCW 10.101.010(3)(a) through (c). LAWS OF 2018, ch. 269, § 6(3). The legislature amended RCW 36.18.020(2)(h) to prohibit imposition of the criminal filing fee on indigent defendants. These statutory changes apply to cases pending direct review on or after the effective date of House Bill 1783, June 7, 2018. *State v. Ramirez*, 191 Wn.2d 732, 738, 747, 426 P.3d 714 (2018). The legislative changes took effect six months before Tylor Wilson's sentencing hearing,

2

and therefore apply to him.

Under RCW 10.101.010(3)(a), a person is indigent if, at any stage of a court proceeding, he or she receives any one of enumerated types of public assistance, including food stamps and social security income. The record demonstrates that Tylor Wilson was indigent as defined by RCW 10.01.010(3)(a), and therefore RCW 36.18.020(2)(h) prohibited the imposition of the criminal filing fee.

In addition to challenging the filing fee, Tylor Wilson filed a statement of additional grounds, in which he raises two arguments. First, he claims that statements from eyewitness Madison Taylor and the investigation officer conflict with "evidence and account of investigation." Nevertheless, Wilson fails to identify any contradictory evidence.

Tylor Wilson's remaining argument faults the State for failing to submit a video account of the search of his residence, failing to prove law enforcement recovered a loaded air rifle from his residence, and failing to test the air rifle on a glass surface. He does not explain how these alleged deficiencies entitle him to relief on appeal. To the extent this argument challenges the sufficiency of the State's evidence, Wilson's claim fails. At trial, the investigating officer testified that he recovered an air rifle from Wilson's residence and that the police tested the air rifle by using the BBs recovered from

inside the rifle. According to the officer, the testing demonstrated that, at the distance from Wilson's window to the assault victim's car window when the BB struck the latter window, the BBs shot from the air rifle penetrated different targets, including multiple panels of a cardboard and a full can of soda. This testimony sufficed to allow the jury to reasonably conclude that the police recovered a loaded air rifle from Wilson's residence, which rifle could discharge a BB and inflict the damage allegedly caused by Wilson.

We conclude that Tylor Wilson's statement of additional grounds fails to demonstrate any grounds for reversing his convictions. We remand the case for the sole purpose of striking the $200 filing fee from the judgment and sentence.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

Fearing, J.

WE CONCUR:

Pennell, A.C.J.

Korsmo, J.

4